## STATE OF FLORIDA v CROFF
### Case No. 88-634 CF
Nineteenth Judicial Circuit, Martin County
**August 5, 1988**

### APPEARANCES OF COUNSEL

Office of the State Attorney for plaintiff.
**Robert Watson** for defendant.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

THIS MATTER came on for hearing upon the Defendant's Motion to Dismiss.

Defendant argues that the legislature in 1986 by repealing F.S. 316.1931 and enacting F.S. 316.193 substantially altered applicable punishments for multiple deaths caused by intoxicated drivers. In essence, Defendant argues that the gist of the offense is now Driving Under the Influence. From this major premise the Defendant argues that 316.193(3)((c)(3) has become only an aggravating factor that increases the applicable penalty for the offense of Driving Under the Influence.

Defendant contends, based on the foregoing, that he may not,

therefore, be prosecuted for multiple deaths arising from one incident of Driving Under the Influence.

It is, of course, beyond argument that penal statutes must be strictly construed and any reasonable doubt as to the meaning of a criminal statute should be in the Defendant's favor (See Fla.Jur.2d Criminal Law p. 14 and Substantive Criminal Law, LaFave/Scott pgs. 108-110).

Courts are not free, however, to construe criminal statutes that are unambiguous. This is but a corollary to the imperative that the Courts must give effect to clearly expressed legislative intent. In the Court's view reading the statute in *prima materia* leads inexorably to the clear intent of the legislature in enacting this statute. The Statutory provision clearly provides "*any person* killed by a driver who is under the influence is the victim of a manslaughter and points to multiple punishments for multiple deaths."

Assuming, arguendo, that this is incorrect. Even strict construction of this statute will not lead to the result defendant contends for. Statutes must not be so strictly construed so as to override common sense or defeat the obvious intent of the legislature. (See LaFave and Scott noted supra at pg. 109) In addition, the legislature when enacting a statute is presumed to know the judicial construction placed upon former laws covering the same subject. It follows, therefore, that unless the legislature clearly expresses a contrary intent prior construction of the preceding statute is part of the new statute (See Fla.Jur. 2d Statutes p. 166). Sec. 27 of Laws 1986 C. 86-296 provides no indication to the contrary and leads to the conclusion that the statute in question is merely a reenactment of 316.1931.

Therefore, principles of *Stare Decisis* require that this Court follow earlier decisions construing F.S. 316.1931 if, as indicated, the statute is substantially similar. (See Fla.Jur.2d Statutes p. 168 at pg. 202). The Supreme Court, in *Houser v State,* 474 So.2d 1193 (Fla. 1985), clearly held, in construing 316.1931, the death of *a* victim raises DWI Manslaughter *"beyond mere enhancement and places it squarely within the scope of this state's regulations of homicide." (Houser* at pg. 1196). In addition, numerous Florida cases construing the preceding statute approved multiple convictions for multiple deaths when the driver was intoxicated.

In short, the legislature has spoken to this issue, the Courts of this state are obligated therefore to give effect to clearly expressed legislative intent. Accordingly, it is hereby

ORDERED and ADJUDGED that Defendant's Motion to Dismiss is denied.

5

**DONE and ORDERED** in Stuart, Martin County, Florida, this 5th day of August, 1988.